26 C.C.P.A. (Patents)

## In re GRETTIE.

### Patent Appeal No. 4166.

Court of Customs and Patent Appeals.

June 5, 1939.

Roy W. Johns, of Chicago, Ill., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming that of the Primary Examiner in refusing to allow claims numbered 1, 2, 3, 5, 6 and 7 of appellant's application for a patent relating to a shortening product and a method of stabilizing the same—particularly stabilizing lard.

Claims 1 and 5 are thought to be illustrative of the subject matter involved and they follow:

"1. The method of stabilizing lard which comprises adding thereto and thoroughly incorporating therewith a quantity of hydrogenated sesame seed oil."

"5. As an article of commerce, a shortening product stabilized against rancidity consisting of 90 to 95% lard and a complement of hydrogenated sesame seed oil."

The references relied upon are: Newton et al., 1,890,585, December 13, 1932; Alderks et al., 1,985,969, January 1, 1935.

Appellant's alleged invention has to do with incorporating into lard which he seeks to stabilize, a quantity of hydrogenated sesame seed oil. The instant application of appellant is a division of an application relating to the stabilization of lard, serial No. 629,399 filed August 18, 1932. The parent application was in interference with the Alderks et al. application which related to stabilization of edible fats and had particular reference to the hydrogenation of vegetable oils, especially cottonseed oil.

Alderks et al. taught, and their claims called for, the method of making a fat comprising cottonseed oil stable against rancidity by mixing sesame seed oil with the cottonseed oil and hydrogenating the mixture. While Alderks et al. did not refer to lard they referred to the prevention of rancidity in shortening materials generally. One of the claims of the Alderks et al. application which became count 1 in the interference between the applicant and Alderks et al. reads as follows: "1. The method of stabilizing shortening which comprises adding thereto and thoroughly incorporating therewith a quantity of hydrogenated sesame seed oil."

Alderks et al. were awarded priority of this and one other count and they were incorporated in the Alderks et al. patent which issued after the termination of the interference.

The patent to Newton et al. teaches the use of hydrogenated palm oil for stabilizing fats and oils, and lard in particular.

The examiner rejected all the claims as being unpatentable over Alderks et al. and also referred to the patent to Newton et al. He stated:

"The parent case became involved in Interference No. 67,651 with patentee of record Alderks. The interference involved the stabilization of shortening broadly and was decided adversely to applicant. Subsequently the successful party Alderks took out the patent relied upon in the instant application.

"The Examiner has rejected all of the present claims as being unpatentable over Alderks. The treatment of lard specifically does not distinguish in a patentable sense over the treatment of shortening broadly. Lard is a well known shortening. An examination of the two paragraphs quoted from applicant's parent case clearly discloses the character of lard as falling within the class of shortening covered by the Alderks patent. To stabilize a specific shortening with 5 to 10% of the stabilizing agent covered in the interference (Alderks) is not patentable procedure. Particularly is this so in view of Newton, who uses hydrogenated palm oil for stabilizing fats and oils, and lard specifically. It is clear that Alderks had lard in mind, as note claims 3 and 7 of the patent.

"The rejection of all of the claims on Alderks and Newton is thought to be sound and proper."

The Board of Appeals sustained the examiner's rejection of the claims for the same reasons as those assigned by the examiner and said:

"In applicant's parent application reference is made to edible vegetable and animal fats and oils adapted for use as shortening and the like and specifically to lard. While Alderks et al. did not refer to lard and could not make claims such as here presented, they evidently were concerned with the prevention of rancidity of shortening materials generally and *one in following the Alderks teaching would be led to try hydrogenated sesame seed oil in the treatment of all kinds of shortening to prevent rancidity.* [Italics ours]

"We note that the patent to Newton et al. describes the use of palm oil added to lard for this purpose and such showing indicates that the art has tried and found successful certain oils for this purpose. We believe that one in investigating the prior art would be led to try other oils and thus hydrogenated sesame oil as a stabilizer for not only cottonseed oil but other well known shortening materials."

■ We are in agreement with the decision of the board and think that, in view of Newton et al., appellant's instant application makes no claim to patentable subject matter not claimed and allowed to Alderks et al. We feel certain that an examination of the prior art would teach anyone skilled in the art that lard might be treated to prevent rancidity by the same ingredients as were used by Alderks et al. treating vegetable oils and that it would not amount to invention having this suggestion before him to try, for the purpose of preventing rancidity in lard, sesame seed oil which Alderks et al. used.

■ A somewhat similar case is Paramount Publix Corp. v. American Tri-Ergon Corp., 294 U.S. 464, 55 S.Ct. 449, 453, 79 L.Ed. 997, where the Supreme Court of the United States said: " * * * The application of an old process to a new and closely analogous subject-matter, plainly indicated by the prior art as an appropriate subject of the process, is not invention. * * *"

In In re Gauerke, 24 C.C.P.A., Patents, 725, 86 F.2d 330, 333, we said: " * * * The mere discovery of a quality of sunflower seed oil, not possessed by other vegetable drying oils, cannot be made the basis of a patent when the prior art shows that such oil is of the kind and class that

such art taught was useful in the composition of resins of the character here involved."

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.