BlaNd, Judge,
delivered the opinion of the court:
All the claims (4 and 9) of appellant’s application for a patent for improvements in stabilization of motor fuels were finally rejected by the Primary Examiner of the United States Patent Office upon two .grounds:
(a) -Noninventive over a reference patent to. Semon, No. 2,067,686, January 12, 1937.
*759 (5) Noninventive oyer the said Semon patent in view of other named references, which rejection, in view of our conclusion, we do not need to consider here.
The Board of Appeals affirmed the decision of the examiner ire rejecting the said claims and, as we interpret its opinion, affirmed', the rejection upon the ground that the claims were not inventive over-said Semon patent. There has been some contention in the argument before us that the board’s-decision must be construed as a disapproval! of that part of the examiner’s decision which relied-upon the references other than the said Semon patent. Since we agree with the holding of the board that the two claims involved define nothing inventive over the said Semon patent, it is not necessary for us to discuss further the question as to whether the board’s opinion should or should not be construed in accordance with the contentions of appellant.
The claims involved are as follows:
4. A motor fuel comprising gasoline containing gum-forming constituents an<S a small amount of N-N'-di-secondary propyl-p-phenylene diamine as a gum formation inhibitor.
9. A method of stabilizing gasoline which normally tends to deteriorate and! develop gums on storage which comprises adding thereto a small amount of a» N-N'-di-secondary-propyl-p-phenylene diamine.
Although appellant, in his application, has referred to numerous ingredients belonging to a certain class as being proper materials to use in gasoline to inhibit gum formation, the claims here involved name only N-N'-di-secondary-propyl-p-phenylene diamine, which is appellant’s preferred material.
The said Semon patent defines the invention there involved as relating “to the art of preserving rubber, synthetic plastics, fatty oils, petroleum products, and like organic materials against unduly rapid deterioration due to oxidation and the like.” It will be noticed in the above quotation that the patentee states that his invention relates to-preserving petroleum products, and he subsequently, in the specification, names the particular stabilizer mentioned in the claims at bar. The latter fact is stated by the examiner and agreed to by appellant.
It was the view of the board that while a great number of products, may come within the heading “petroleum products,” “the one product which is most generally used is gasoline,” and that since the patentee-clearly discloses the use of the inhibitor in petroleum products, it would not involve invention to follow the suggestion of the patent and experiment with gasoline, and to determine that the inhibitor prevented deterioration or the development of gum.
Appellant argues that the patent does not mention gasoline or any other petroleum product by name, and that therefore the patent does not disclose the use of the claimed ingredient for the purpose of inhib *760 iting gum formation in gasoline. Appellant claims that he has obtained a-new result by the use of his inhibitor that could not be expected from the action of the inhibitor when applied to rubber.
It is not contended by anyone that appellant’s entire disclosure is set out in the Semon patent or that said patent anticipates appellant’s alleged invention, but it is the holding of the tribunal appealed from that in view of the circumstances above stated, it would not amount to invention to do what appellant has done.
We are in agreement with the holding of the board. Being familiar with Semon’s teaching, it would not involve invention for one skilled in the art to follow the suggestion of the patentee to use the product he mentions as an inhibitor for “petroleum products” in gasoline for the purpose of determining its stabilizing qualities and by his experiments discover that it was superior to other anti-oxidants used in the art.
The decision of this court in In re Grettie, 26 C. C. P. A. (Patents) 1259, 104 P. (2d) 359, 41 USPQ 745, cited by the Solicitor for the Patent Office, seems to be pertinent for consideration in the decision of the instant case.
It follows that the decision of the Board of Appeals, from which decision this appeal is taken, should be, and is, affirmed.